1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES WELLS, *et al.*, <br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>CITY OF MONROE, *et al.*,<br><br>　　　　　　　Defendants. | Case No. C04-1590L<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on "Defendant City of Monroe's Motion for Protective Order to Prevent Disclosure of Information and Documents Relating to Investigation and Determination of Plaintiffs' Claim for Damages." Dkt. # 17. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

(1) Although plaintiffs' response was filed outside the time permitted under the Local Civil Rules, the Court has considered plaintiffs' arguments in ruling on defendant's motion for protective order. Future failures to comply with the deadlines and limitations of Local Civil Rule 7 may result in sanctions, however, including the striking of untimely or overlength submissions.

(2) Plaintiffs argue that none of the information or documents sought from the City is

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PROTECTIVE ORDER

protected by the work product doctrine because they were not gathered or prepared in anticipation of litigation. The Court disagrees. Plaintiffs' claim for damages was a necessary prerequisite to litigation under state law. While plaintiffs had the option to refrain from initiating suit after filing their claim, the threat of litigation was real and defendant's investigation and analysis of the claim was performed in anticipation of such litigation.

(3) Plaintiffs also argue that the information sought in Interrogatories No. 2-4 and 6 is not protected under the work product doctrine because the interrogatories seek information, not documents or tangible items. Opposition at 2-3. Plaintiffs have asked defendant to (1) describe the process by which plaintiffs' claim for damages was evaluated, (2) identify the reason why the claim for damages was rejected, (3) identify the persons responsible for processing plaintiffs' claim for damages, and (4) identify all persons who investigated or decided plaintiffs' damage claim. Pursuant to Fed. R. Civ. P. 23(b)(3):

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

"The primary purpose of the work product rule is to 'prevent exploitation of a party's efforts in preparing for litigation.'" Holmgren v. State Farm Mut. Auto Ins. Co., 976 F.2d 573, 576 (9th

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PROTECTIVE ORDER             -2-

Cir. 1992) (quoting Admiral Ins. Co. v. U.S. Dist. Court, 881 F.2d 1486, 1494 (9th Cir. 1989)). The doctrine, however, is limited: it affords protection only to "documents and tangible things." Fed. R. Civ. P. 26(b)(3).  Underlying facts related to the case are not protected.  Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 512-13 (D. Minn. 1997); Phillips Elec. N. Am. Corp. v. Universal Elec., Inc., 892 F. Supp. 108, 110 (D. Del. 1995).  "Because the work product doctrine is intended only to guard against the divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product."  Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995). Attempts to discover intangible "facts" which inherently reveal the attorney's mental impressions, however, will not be permitted because such discovery would represent an unwarranted invasion of opinion work product.  Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003); Onwuka, 178 F.R.D. at 513.  See also Shelton v. Am. Motors Corp., 805 F.2d 1323, 1326 (8th Cir. 1986).

   Defendant has refused to provide information regarding the mechanics of the investigation they conducted upon receiving plaintiffs' claim for damages and the identity of the persons involved.  Interrogatories No. 2, 4, and 6 do not seek documents created during the investigative process or facts that would inherently reveal an attorney's opinions or mental impressions.  Defendant shall, therefore, respond to those interrogatories within ten days of the date of this Order.

   Interrogatory No. 3, however, seeks a statement of "the reason that the City of Monroe did not offer to pay plaintiffs any damages pursuant to their claims for damages." Although presented as an interrogatory and ostensibly seeking only intangible information,

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PROTECTIVE ORDER   -3-

Interrogatory No. 3 would require the disclosure of opinion work product. Defendant would, in effect, have to copy findings/conclusions from otherwise protected documents in order to respond to this interrogatory. Such an invasion of defendant's work product is not warranted.

(4) To the extent that Requests for Production No. 1-3 seek documents and tangible things created in anticipation of litigation, defendant is entitled to a protective order. Defendant must, however, respond to the first portions of Requests for Production No. 1 and 2 which seek documents related to the "events described in the complaint in this case." There is no indication that documents related to the underlying search and seizure were generated in anticipation of litigation or are otherwise protected under the work product doctrine.

For all of the foregoing reasons, defendant's motion for protective order is GRANTED in part and DENIED in part. Defendant shall, within ten days of the date of this Order, provide full and complete responses to Interrogatories No. 2, 4, and 6, and the first portions of Requests for Production No. 1 and 2. Defendant need not respond to Interrogatory No. 3, Request for Production No. 3, or the second portions of Requests for Production No. 1 and 2.

DATED this 11th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PROTECTIVE ORDER            -4-