UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES WELLS, *et al.*, <br><br>          Plaintiffs, <br>  v. <br><br> CITY OF MONROE, *et al.*, <br><br>          Defendants. | Case No. C04-1590L <br><br> ORDER GRANTING IN PART DEFENDANT MARTINEZ' MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on "Defendant Carlos Martinez's Motion for a Protective Order Staying Discovery Until Qualified Immunity is Determined, or in the Alternative, Preventing All Discovery Related to Detective Martinez's Use of a Confidential Source." Dkt. # 14. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

(1) Although plaintiffs' response was filed outside the time permitted under the Local Civil Rules, the Court has considered plaintiffs' arguments in ruling on defendant's motion for protective order. Future failures to comply with the deadlines and limitations of Local Civil Rule 7 may result in sanctions, including the striking of untimely or overlength submissions.

(2) Relying on <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985), and its progeny, defendant

ORDER GRANTING IN PART DEFENDANT
MARTINEZ' MOTION FOR PROTECTIVE ORDER

Martinez argues that he should not have to respond to plaintiffs' discovery requests until the validity of his qualified immunity defense has been determined.  Although defendants "are entitled to raise the qualified immunity defense immediately, on a motion to dismiss the complaint, to protect against the burdens of discovery and other pre-trial procedures" (Kwai Fun Wong v. U.S., 373 F.3d 952, 957 (9th Cir. 2004)), Sergeant Martinez has not filed a dispositive motion or otherwise sought a timely resolution of this defense.  The delay in filing a motion to dismiss may have been caused by a simple oversight, but it is also possible that defendant hopes to avoid a situation where the Court must accept as true the allegations of the complaint and therefore chose not to raise legal issues that would be decided solely on the pleadings.  Having chosen to seek resolution of the qualified immunity defense in the context of a summary judgment motion, defendant cannot simultaneously deprive plaintiffs of their opportunity to discover evidence giving rise to a genuine issue of fact.

  Not only would a stay of discovery through the summary judgment deadline work have the potential to work a substantive injustice, it would also allow defendant unilaterally to rewrite the case management schedule imposed by the Court.  The above-captioned matter was filed on July 19, 2004, the trial scheduled was established on September 29, 2004, and discovery is set to close in less than one month.  With the discovery cut-off fast approaching, plaintiffs must be permitted to conduct discovery at this point or the entire case schedule will be compromised.  For both substantive and procedural reasons, defendant will not be permitted to delay resolution of the qualified immunity defense while at the same time precluding all discovery on the ground that the defense is still unresolved.

  (3) The identity and prior activities of Sergeant Martinez' confidential source are

ORDER GRANTING IN PART DEFENDANT
MARTINEZ' MOTION FOR PROTECTIVE ORDER -2-

privileged, are likely to have minimal impact on plaintiffs' search and seizure claim, and are not essential to plaintiffs' trial preparations.  See Holman v. Cayce, 873 F.2d 944, 946 (6th Cir. 1989); Dole v. Local 1942, Int'l Bhd. of Elec. Workers, 870 F.2d 368, 372 (7th Cir. 1989). Defendant Martinez' Affidavit for Search Warrant provides sufficient information regarding the confidential sources' statements to and past contacts with defendants to allow plaintiffs to investigate the truth of Sergeant Martinez' account of the events leading up to and including plaintiffs' arrest.  Defendant need not provide any additional response to Interrogatories No. 2, 3, 4 and 6(1).  To the extent Requests for Production No. 3 and 4 seek documents that identify or are likely to reveal the identity of the confidential source or are related to the source's past contacts with the police department, no production is required.

Plaintiffs do, however, have a right to a fair trial and the revelation of some additional information regarding the reliability of the confidential source, produced pursuant to a protective order,[1] would achieve an acceptable balance between the parties' respective interests. Other than a conclusory statement that "any information about the source is also privileged" (Motion at 10), defendant has not attempted to show that the disclosure of information regarding the confidential source's case-related conduct (such as the amount of money used in the controlled buy on June 20, 2001) or the basic facts regarding the source's criminal record, if any, would jeopardize the source or adversely impact the public interest.  Disclosure of such

---

[1] Plaintiffs are willing to enter into a protective order prohibiting dissemination of the discovery responses at issue here.  Opposition at 2 n.1.  Disclosure of information and documents produced in response to this order shall be limited to plaintiffs, plaintiffs' counsel, and plaintiffs' experts or agents. The information and documents regarding the confidential source shall be used solely for purposes of this litigation and shall be returned to defendants or destroyed promptly after the resolution of this case. Defendant shall provide full and complete responses to plaintiffs' discovery requests as directed in this Order within ten days of the entry of a protective order.

ORDER GRANTING IN PART DEFENDANT
MARTINEZ' MOTION FOR PROTECTIVE ORDER -3-

information is not likely to reveal the source's identity and may be relevant in determining whether defendants' reliance on the source was reasonable and whether Sergeant Martinez' affidavit is accurate. Defendant Martinez shall, therefore, provide full and complete responses to Interrogatories No. 1, 5, 6(2), 6(3), and 6(4). Defendant shall also provide documents in response to Requests for Production No. 1-5 except to the extent those documents identify or are likely to reveal the identity of the confidential source or are related to the source's past contacts with the police department.

For all of the foregoing reasons, defendant Martinez' motion for protective order is GRANTED in part and DENIED in part. Defendant has not met his burden under Fed. R. Civ. P. 26(c) of showing that he is entitled to a protective order prohibiting all discovery in this case. To the extent plaintiffs seek information regarding the identity of the confidential source and his or her previous activities on behalf of the police department, a protective order is warranted. Defendant shall respond to the remaining discovery requests within ten days of the entry of the protective order described in footnote 1 of this Order.

DATED this 11th day of July, 2005.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT
MARTINEZ' MOTION FOR PROTECTIVE ORDER -4-