HONORABLE ROBERT S. LASNIK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES WELLS, and LORRAINE TREVINO, individuals,<br><br>　　　　Plaintiffs,<br>vs.<br><br>CITY OF MONROE, a Municipal Corporation; MONROE POLICE DEPARTMENT; CARLOS MARTINEZ, Detective, Monroe Police Department, in his official and individual capacity; and his wife, JANE DOE MARTINEZ, and the marital community comprised thereof, JANE and JOHN DOE Monroe Police Department employees 1-10, each in his or her official and individual capacity;<br><br>　　　　Defendants. | **CASE NO. C04-1590L**<br><br>**STIPULATED PROTECTION ORDER** |

## RECITALS

1.  Defendants believe that certain documents and information to be produced or disclosed during this litigation should be treated as confidential. Such information may be contained in interrogatory answers, deposition or other testimony, or documents produced in the litigation.

2.  Without taking any position as to whether the defendants are entitled to the

STIPULATED PROTECTION ORDER - 1

Law Office of
**MARGARET M. BOYLE**
1725 Westlake Avenue North, Suite 101
Seattle, Washington 98109
TELEPHONE (206) 217-9400
FACSIMILE (206) 217-9402

protection they seek, plaintiffs agrees, according to the terms set forth below, to treat as confidential information designated as such by defendants.

## STIPULATION

Based on the foregoing, the parties, through their counsel, and subject to Court approval, hereby stipulate as follows:

3.  Persons having knowledge of confidential information by virtue of their participation in the conduct of this litigation shall use such confidential information for purposes of this litigation only and shall not disclose such confidential information, including the contents of confidential documents or any portion or summary thereof, to any person or persons not involved in the conduct of the litigation. Confidential information entitled to protection hereunder shall not include information lawfully gained from public sources, from sources other than this litigation, or prior to the institution of this litigation.

4.  Any and all documents or discovery responses claimed confidential by a party shall be identified as such by stamping or labeling each page of the document or discovery response claimed confidential with the word "Confidential" and a Bates label indicating which party to the case produced the document. In the case of documents produced by a third party, the designation shall be made by letter, designating the Bates ranges of documents considered confidential, within 20 days of the date the documents are first produced. Documents or information produced prior to trial and inadvertently omitted from designation as confidential may be so designated at any time after

STIPULATED PROTECTION ORDER - 2

Law Office of
**MARGARET M. BOYLE**
1725 Westlake Avenue North, Suite 101
Seattle, Washington 98109
TELEPHONE (206) 217-9400
FACSIMILE (206) 217-9402

production and prior to trial in this matter by letter so advising the non-designating party, provided, however, that any disclosure of such documents or information that occurred prior to such designation shall not constitute a violation of this order.

5. When confidential information is utilized or elicited in the course of a deposition, any party may designate as Confidential the portion of the transcript (including exhibits) that contains or refers to such information by stating on the record that the information is Confidential. If during the course of the deposition no party designates as confidential the portion of the transcript and exhibits containing or referring to confidential information, counsel for a party shall be permitted in good faith to designate as Confidential those portions of the transcript and exhibits containing confidential information within twenty (20) days following receipt of the transcript of such deposition. Until such time, all parties shall treat the entire deposition as confidential. If portions of the transcript or exhibits are designated as Confidential, the word "Confidential" shall be placed on the original and each copy of the transcript identifying the pages of the deposition so designated. If a transcript or a portion of a transcript containing confidential information is filed with the Court, it shall be filed under seal and shall bear the confidential legend as described below. If all or part of a videotaped deposition is designated as Confidential, the videocassette or other videotape container shall be labeled with the Confidential legend.

6. Any party may designate as Confidential any document produced or information provided by any other party to this litigation, or in response to a subpoena

STIPULATED PROTECTION ORDER - 3

Law Office of
**MARGARET M. BOYLE**
1725 Westlake Avenue North, Suite 101
Seattle, Washington 98109
TELEPHONE (206) 217-9400
FACSIMILE (206) 217-9402

by promptly advising all parties of their intent to designate such documents or information as Confidential. The documents and information so designated shall thereafter bear the word "Confidential" subject to any successful challenge as described below.

7. Any confidential information designated as "Confidential" shall be disclosed only to the Court, its personnel and court reporters, the parties, their counsel of record, and consultants and experts. Counsel shall further provide all third-party witnesses or expert witnesses with a copy of this Order and, prior to the disclosure of confidential information, shall require those persons execute an acknowledgement or acknowledgements in the form attached as Exhibit A, agreeing to abide by and be bound by this Order. Counsel shall not otherwise offer or permit disclosure of any confidential information. Disputes concerning the confidential nature of such materials shall be resolved by the Court prior to dissemination.

8. Nothing herein shall be taken as a final determination that any document or information designated as confidential information is entitled to Confidential treatment. Counsel for the parties agree to make designations of documents or other information as confidential, based on a good faith belief that the document or other information: (i) is not already in the public domain; (ii) represents information that is not subject to public disclosure; and (iii) public disclosure of the information could adversely affect the designating party or its confidential informants.

9. If a party desires to disclose Confidential Information to non-qualified

STIPULATED PROTECTION ORDER - 4

Law Office of
**MARGARET M. BOYLE**
1725 Westlake Avenue North, Suite 101
Seattle, Washington 98109
TELEPHONE (206) 217-9400
FACSIMILE (206) 217-9402

persons, or if it disagrees with the "Confidential" designation, then the objecting party shall so notify the designating party by letter specifically designating the document(s) or information at issue.  This notice must be at least twenty (20) days before any disclosure of the confidential information not in accordance with the terms of this order.  The objecting party and the designating party shall first try to informally resolve such dispute for a period of up to ten days.  If the dispute cannot be resolved, however, the party opposing the confidentiality designation shall be required to move for a determination of non-confidentiality within the above twenty (20) day period.  If the party opposing the designation does not so move within the time specified, the information will retain its confidentiality designation, which will no longer be subject to challenge hereunder, unless the parties agree to extend the time for challenge.  If the party opposing the confidentiality designation makes a timely motion as set forth above, the information shall retain its "Confidential" designation until such time as the Court has ruled on the designating party's motion.  As provided by law, the designating party shall bear the burden of demonstrating that the information at issue is entitled to the Confidential protection claimed.  Any challenge to a confidentiality designation as provided in this paragraph must be made prior to the initiation of trial in this matter.

10.   If any person having access to the confidential information described herein shall violate this Order, such person may be subject to sanctions by the Court.

11.   In the event that documents, discovery responses, deposition transcripts or other information designated as Confidential is deposited with the Clerk of the Court,

STIPULATED PROTECTION ORDER - 5

Law Office of
MARGARET M. BOYLE
1725 Westlake Avenue North, Suite 101
Seattle, Washington 98109
TELEPHONE (206) 217-9400
FACSIMILE (206) 217-9402

such material shall be filed in an envelope bearing the case caption and a designation substantially in the following form when deposited:

<u>CONFIDENTIAL</u>

IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN APPROPRIATE COURT PERSONNEL, QUALIFIED WITNESSES, ATTORNEYS IN THIS CASE OR TO PERSONS ASSISTING THOSE ATTORNEYS.

12. This Order, insofar as it restricts the communication and use of confidential documents and information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. The parties and their respective counsel agree that they will not use any confidential documents or information produced pursuant to this protective order for any purpose other than for this litigation. The parties and their respective counsel agree not to use any confidential documents or information for any other purpose or in any future litigation.

13. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial including any document previously produced as a confidential document herein, or oppose the production or admissibility of any information or documents which have been requested. The parties do not waive any right to object at trial to the admissibility of any document that falls

STIPULATED PROTECTION ORDER - 6

Law Office of
**MARGARET M. BOYLE**
1725 Westlake Avenue North, Suite 101
Seattle, Washington 98109
TELEPHONE (206) 217-9400
FACSIMILE (206) 217-9402

1  under the scope of this Order, or portion thereof, or the right to file a motion in limine
2  regarding the use of any such documents.

3      14.    If any person in possession of Confidential information at any time
4  receives a subpoena (or other process) from any person or entity not a party to this action
5  that calls for production of Confidential information, the party or person to whom the
6  subpoena or process is directed shall use all reasonable efforts to provide telephonic
7  notice and written notice by overnight delivery and/or telecopier to counsel for the party
8  who designated the materials as confidential, identifying the Confidential materials
9  covered by the subpoena or process and enclosing a copy of the subpoena or process,
10 where reasonably possible at least ten (10) business days prior to the production or other
11 disclosure. In no event shall production or other disclosure be made before the return
12 date of the subpoena or process.

13     15.    This Order is binding upon the parties, their agents and employees, all
14 counsel for the parties and their agents and employees, and all persons to whom
15 disclosure of discovery materials or testimony is limited pursuant to the terms of this
16 Order.

17     16.    At the conclusion of this litigation, the parties' respective counsel shall
18 return all documents that fall under the scope of this Order to the disclosing party or all
19 originals and copies of the confidential information shall be destroyed within ninety (90)
20 days of the final disposition of this litigation, whether by dismissal, settlement, judgment
21 or appeal. However, the parties retain the right to keep any documents that were

STIPULATED PROTECTION ORDER - 7

Law Office of
MARGARET M. BOYLE
1725 Westlake Avenue North, Suite 101
Seattle, Washington 98109
TELEPHONE (206) 217-9400
FACSIMILE (206) 217-9402

admitted as trial exhibits in this case. Counsel for the parties shall also be entitled to retain court papers, deposition and trial transcripts and attorney work product containing Confidential information, provided that such counsel shall not disclose such information to any person except pursuant to this Order.

17. This Order shall not apply to any information obtained by other lawful means, including information from public sources.

17. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may agree, subject to approval by the Court, to modify or amend its terms.

## ORDER

Upon the stipulation of the parties, and for good cause shown,

**IT IS SO ORDERED.**

Dated: July 25th, 2005.

*(signature)*
Robert S. Lasnik
United States District Judge

By their signatures below, counsel for the parties hereby stipulate to the entry of the above order and also stipulate to abide by the terms set forth above prior to entry of this Order by the Court. In the event that the Court disapproves this Order, the parties agree that they will nonetheless abide by the terms set forth above pending submission and approval of a revised order. If the parties are unable to agree on revised terms of which the Court approves, then the parties agree to return originals and any copies of all confidential documents and discovery responses to the originating party, and to continue treating any information disclosed in such documents or discovery

STIPULATED PROTECTION ORDER - 8

Law Office of
MARGARET M. BOYLE
1725 Westlake Avenue North, Suite 101
Seattle, Washington 98109
TELEPHONE (206) 217-9400
FACSIMILE (206) 217-9402

1 | responses as confidential pursuant to the terms above.  Pending the Court's entry of this
2 | Order, the parties shall not disclose any Confidential information to any third party.

Respectfully submitted,

| LAW OFFICE OF | KEATING, BUCKLIN |
| MARGARET M. BOYLE | & McCORMACK, INC., P.S. |

_____     _____
MARGARET M. BOYLE  WSBA #17089     RICHARD B. JOLLEY     WSBA #23473
Attorney for Plaintiffs            KIMBERLY J. WALDBAUM   WSBA#31529
                                   Attorneys for Defendants

STIPULATED PROTECTION ORDER - 9

Law Office of
MARGARET M. BOYLE
1725 Westlake Avenue North, Suite 101
Seattle, Washington 98109
TELEPHONE (206) 217-9400
FACSIMILE (206) 217-9402

# EXHIBIT A

## NON-DISCLOSURE CERTIFICATE

I, _____, hereby certify my understanding that Confidential information is being provided to me pursuant to the terms and restrictions of a Stipulated Protective Order dated _____, 2005, filed in *James Wells, et. al., v. City of Monroe, et.al.,* United States District Court No. C04-1590L. I have been given a copy of that Order and have read it. I agree to be bound by the Order. I will not reveal the Confidential information to anyone, except as allowed by the Order. I will maintain all such Confidential information—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it. No later than thirty (30) day after the conclusion of this action, I will return the Confidential information, including any and all copies, images, notes, or other transcriptions made thereof or therefrom—to the counsel who provided me with the Confidential information. I hereby consent to the jurisdiction of the Superior Court of Washington for the County of King, for the purpose of enforcing the Protective Order.

Dated:

_____

STIPULATED PROTECTION ORDER - 10

Law Office of
**MARGARET M. BOYLE**
1725 Westlake Avenue North, Suite 101
Seattle, Washington 98109
TELEPHONE (206) 217-9400
FACSIMILE (206) 217-9402