UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORRAINE TREVINO,<br><br>               Plaintiff,<br>     v.<br><br>CARLOS MARTINEZ and JANE DOE MARTINEZ, his wife,<br><br>               Defendants. | Case No. C04-1590L<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTIONS IN LIMINE |

This matter comes before the Court on "Plaintiff's Motions in Limine." Dkt. # 56. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

(1) Because plaintiff is not seeking damages arising from her loss of employment at Fred Meyer, defendants have withdrawn Gary Kelso as a potential witness. Plaintiff's motion to exclude his testimony from trial is therefore DENIED as moot.

(2) Plaintiff has moved to exclude Cindy Hartley and Sergeant Cindy Chessy from trial because they were not disclosed as potential witnesses until defendants served their pretrial statement. The fact that plaintiff was aware of Sergeant Chessy and knew that Ms. Hartley has personal knowledge of the events of June 20, 2001, would not put her on notice that defendants

ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS IN LIMINE

intended to call these individuals at trial. Because defendants waited until December 15, 2005, to identify these individuals as potential witnesses for the first time, plaintiff had no opportunity to conduct discovery or otherwise prepare to meet their testimony. No explanation for defendants' untimely disclosure has been offered. Plaintiff's motion to exclude the testimony of Ms. Hartley and Sergeant Chessy is GRANTED.

(3) The parties agree not to disclose, mention, or attempt to convey to the jury that plaintiff's complaint for damages originally named other parties as plaintiffs or defendants.

(4) The object and purpose of plaintiff's motion "to preclude statements regarding witnesses not called to testify" is unclear. Absent some information regarding the nature of the evidence plaintiff seeks to exclude, the Court cannot make an informed decision based on the governing rules of evidence. Plaintiff's motion is DENIED.

(5) To the extent plaintiff is seeking emotional damages, Dr. Hamm may be able to provide relevant and admissible testimony regarding other potential sources of emotional distress following plaintiff's June 20, 2001, arrest and/or the extent of damages arising from her arrest. The need for and scope of Dr. Hamm's testimony will be determined at trial based on plaintiff's testimony and the rules of evidence. If plaintiff's use of methamphetamine is relevant to Dr. Hamm's expert opinion regarding the source and extent of plaintiff's emotional distress, testimony regarding such use may be admissible under Fed. R. Ev. 703. Defendants do not oppose plaintiff's motion to exclude testimony regarding the results of the MMPI administered or any psychiatric diagnosis Dr. Hamm may have made after his examination of plaintiff on August 16, 2005.

(6) Plaintiff's motion to exclude evidence regarding the condition of plaintiff's home on

June 20, 2001, is DENIED. To the extent defendant Martinez was aware of specific conditions at the time of plaintiff's arrest, such conditions are relevant to the issue of proximate cause. Defendants will not, however, be permitted to offer evidence regarding conditions in plaintiff's home that were discovered after plaintiff was placed under arrest.[1]

DATED this 24th day of January, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiff argues that, even if all of the evidence related to the conditions of plaintiff's house is admitted, defendants will not be able to establish that defendant Martinez had probable cause to arrest plaintiff for criminal mistreatment and/or possession of marijuana paraphernalia. Plaintiff did not seek summary judgment on her Fourth Amendment claim and must now wait until a motion for judgment under Fed. R. Civ. P. 50(a) can be made to obtain such dispositive relief.

ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS IN LIMINE            -3-